UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK C.,

                          Plaintiff,

                    v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                          Defendant.
_____

<u>DECISION AND ORDER</u>

21-CV-0184L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On January 24, 2019, plaintiff filed an application for supplemental security income, alleging an inability to work since February 1, 2018. (Dkt. #6-2 at 15). His application was initially denied. Plaintiff requested a hearing, which was held on June 11, 2020 via teleconference before administrative law judge ("ALJ") Gitel Reich. The ALJ issued a decision on August 21, 2020, finding plaintiff not disabled. (Dkt. #6-2 at 15-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 2, 2020. (Dkt. #6-2 at 1-3). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #7), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #8). For the reasons

set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

I.   **The ALJ's Decision**

Plaintiff was born May 22, 1976, and was 41 years old on the alleged onset date, with a high school education and no past relevant work. (Dkt. #6-2 at 24). His medical records reflect treatment for intervertebral disc degeneration of the lumbosacral spine, asthma, hypertension, and depressive disorder, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #6-2 at 17).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing himself. (Dkt. #6-2 at 18-19). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, and required the use of a cane. Plaintiff can tolerate only occasional exposure to respiratory irritants, and must perform work

that is simple, and routine, and involves no more than occasional contact with the public, supervisors and coworkers. (Dkt. #6-2 at 19).

When presented with this RFC as a hypothetical at the hearing, vocational expert Dr. Marne South testified that such an individual could perform the representative sedentary positions of dial marker, table worker, and ink printer. (Dkt. #6-2 at 24-25). The ALJ accordingly found plaintiff not disabled.

## II.    The ALJ's RFC Determination

Plaintiff argues that the ALJ improperly assessed the medical opinions of record by failing to discuss the consistency and supportability factors, and/or cherry-picked the record by rejecting a portion of a medical opinion that described a level of limitation more extensive than the ALJ's RFC determination.

Specifically, plaintiff points to the opinion of consulting internist Dr. Nikita Dave, who examined plaintiff on March 15, 2019. Dr. Dave noted plaintiff's self-reported need to use a cane when walking outdoors, and observed limited spinal range of motion, and groin pain with hip flexion and extension. Dr. Dave's findings were otherwise normal. Dr. Dave opined that plaintiff had a "mild" need to avoid respiratory irritants due to his history of asthma and/or COPD, and suggested that "[w]ith regard to lumbar spine, there may be moderate limitations for prolonged sitting, standing . . ." (Dkt. #6-7 at 559-61). The ALJ found Dr. Dave's opinion "moderately persuasive," but declined to credit Dr. Dave's opinion concerning a possible moderate limitation on prolonged sitting, on the basis that "the record does not support [a] moderate limitation with respect to sitting." (Dkt. #6-2 at 23).

"At their most basic, the amended regulations [concerning an ALJ's weighing of medical opinions] require that the ALJ explain [his or] her findings regarding the supportability and

3

consistency of each of the medical opinions, pointing to specific evidence in the record supporting those findings." *Ricky L. v. Commissioner*, 2022 U.S. Dist. LEXIS 113151 at *7 (W.D.N.Y. 2022)(internal quotation marks omitted)(quoting *Raymond M. v. Commissioner*, 2021 U.S. Dist. LEXIS 32884 at *24 (N.D.N.Y. 2021)).

The "supportability" factor "asks how well a medical source supported their opinion(s) 'with objective medical evidence' and 'supporting explanations.'" *Cuevas v. Commissioner*, 2021 U.S. Dist. LEXIS 19212 at *44 (citing 20 C.F.R. §§404.1520c(c)(1), 416.920c(c)(1)). "The 'consistency' factor calls for a comparison between the medical source's opinion and 'evidence from other medical sources and nonmedical sources' in the file." *Id*. (citing 20 C.F.R. §§404.1520c(c)(2), 416.920c(c)(2)).

Even where an ALJ makes the procedural error of failing to explicitly apply the supportability and consistency factors, this Court may affirm the ALJ's decision if "a searching review of the record assures [it] that the substance of the regulation was not traversed." *Loucks v. Kijakazi*, 2022 U.S. App. LEXIS 16829 at *4 (2d Cir. 2022). *See also Ricky L.*, 2022 U.S. Dist. LEXIS 113151 at *10-*12. *See generally Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)("[a]n ALJ need not recite every piece of evidence that contributed to [the] decision, so long as the record permits [the reviewing court] to glean the rationale of an ALJ's decision").

Here, while the ALJ failed to explicitly discuss the supportability and consistency factors in describing the weight afforded to medical opinion evidence and thus committed procedural error, I find that such error is harmless. The ALJ's decision set forth all of the evidence upon which the ALJ relied, and implicitly compared the supportability and consistency of that evidence with the opinions of record. As such, I find that it did not traverse the substance of the applicable regulations. *See Regan v. Kijakazi*, 2022 U.S. Dist. 179389 at *17-*18 (S.D.N.Y.

2022)(ALJ did not commit reversible error despite failure to explicitly discuss supportability and consistency, where ALJ discussed the medical opinions of record, and elsewhere described evidence "inconsistent" with or "unsupported" by those opinions, thus "implicitly" applying the consistency and supportability factors).*See also Salmini v. Commissioner*, 371 F. App'x 109, 112-13 (2d Cir. 2010)("although the ALJ might have been more specific in detailing the reasons for" his findings, "other portions of the ALJ's detailed decision . . . demonstrate that substantial evidence supports this part of the ALJ's determination").

The ALJ's rationale for concluding that "the record does not support [a] moderate limitation with sitting," and rejecting that portion of Dr. Dave's opinion, is clear in view of the entire decision. Specifically, the ALJ discussed: (1) Dr. Dave's own objective examination findings, including normal gait and stance, full range of motion of the cervical spine and hips, negative straight leg raising tests, and full strength, but decreased lumbar spinal range of motion; (2) the plaintiff's longitudinal medical history, including grossly normal objective findings despite a 2017 spinal surgery, and periodic complaints of back and/or hip pain; (3) a series of examinations by treating physician Dr. Daniel Molloy in 2019 and 2020, all showing normal range of motion and no motor or sensory deficits (Dkt. #6-2 at 20-21); (4) statements by plaintiff that medication reduces his pain to manageable levels; and (5) the opinions of reviewing agency physicians Dr. D. Miller and Dr. J. Lawrence, both of whom concluded that plaintiff could sit for at least six hours in an eight-hour workday with normal breaks, and whose opinions were deemed "moderately persuasive" (Dkt. #6-2 at 21; #6-3 at 61, 80). These sources comprise substantial evidence in support of the ALJ's conclusion that plaintiff could perform the sitting requirements of sedentary work.[1]

---

[1] Indeed, to the extent plaintiff claims that the ALJ erred in not including a sit/stand option in the RFC determination to account for a moderate limitation in prolonged sitting/standing, such error is harmless. At least two of the three

While plaintiff argues that the ALJ's rejection of Dr. Dave's opinion concerning possible moderate limitations for prolonged sitting could also be considered as improper cherry-picking of the record, the Court disagrees. The ALJ was free "to choose between properly submitted medical opinions." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983). In so doing, the ALJ could choose to credit certain portions of opinions and not others, so long as his or her reasons for doing so were sufficiently stated, well-supported, and did not suggest improper culling of the evidence to support a predetermined conclusion. *See Margo J. v. Commissioner*, 2022 U.S. Dist. LEXIS 24402 at *9-*10 (W.D.N.Y. 2022)("an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record").

Here, despite finding some of the medical opinions of record to be "not very persuasive," or "moderately persuasive," the ALJ nonetheless included all of the opined exertional and nonexertional limitations in the RFC determination, except for the moderate sitting limitation described by Dr. Dave, and in some instances, determined that the record indicated plaintiff's limitations were *more* extensive than the opinion indicated. *See e.g.*, Dkt. #6-2 at 23 (declining to adopt the portions of agency reviewer opinions that plaintiff could lift and carry up to 20 pounds, because "the record shows the claimant is limited to lifting and carrying up to 10 pounds occasionally"); 24 (declining to adopt the opinions of psychological consultants that plaintiff had no more than mild mental limitations, because "treatment records . . . show the claimant would have moderate limitations" in social interaction, concentration, persistence, and pace, and adapting or managing himself"). While the ALJ's discussion of the weight given to those

---

positions identified by the vocational expert can be performed with such a limitation. *See e.g., Hessie W. v. Commissioner*, 2022 U.S. Dist. LEXIS 10634 at *11 (W.D.N.Y. 2022)(ink printer position can be performed with sit-stand option); *Bautista v. Berryhill*, 2019 U.S. Dist. LEXIS 63826 at *22-*23 (D. Conn. 2019)(collecting cases, and noting that vocational experts in this circuit have testified that the table worker position can be performed by an individual with a sit/stand option limitation).

opinions was deficient in its failure to openly discuss the consistency and supportability factors, the Court is satisfied that the remainder of the opinion sets forth and describes sufficient evidence of record to lend substantial support to the ALJ's conclusions, and to assure it "that the substance of the regulation was not traversed." *Loucks*, 2022 U.S. App. LEXIS 16829 at *4.

## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #7) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #8) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 8, 2022.